UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVIS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0560 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

This order also applies to the following civil actions.

| | |
|---|---|
| BOWERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0596 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| BOWERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0830 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| GUILLORY, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-0831 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| RAGAS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-1090 |
| STATE FARM FIRE & CASUALTY, ET AL | Section "R"(5) |

| | |
|---|---|
| **MORGAN, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1091** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |
| | |
| **VALLOT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1092** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |
| | |
| **BERTRAND, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1242** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |
| | |
| **PHILLIPS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-1597** |
| **STATE FARM FIRE & CASUALTY, ET AL** | **Section "R"(5)** |

### ORDER

Before the Court are motions to remand the above-listed cases, many of which were transferred to this section because plaintiffs claim damages pursuant to Louisiana's Valued Policy Law, La. Rev. Stat. 22:695.  Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the sake of efficiency.  For the following reasons, the Court DENIES the motions.

2

## I.     BACKGROUND

Hurricanes Katrina and Rita devastated much of southern Louisiana in August and September of 2005.  Plaintiffs in these cases are Louisiana property owners who suffered substantial damage to their property during these storms and who have sued their homeowner's insurance carriers.  Defendants are insurance companies that lack citizenship or a principal place of business in Louisiana.  The parties in each action are thus diverse.  Plaintiffs filed their actions in Louisiana state court, and defendants removed them to this Court.  Plaintiffs now seek to remand these matters to state court.  Defendants oppose the motions and assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In all of the cases, the parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332. *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  Some plaintiffs allege that defendants improperly removed the matter and ask the Court to award them fees and costs upon remand.

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in

state court if the federal court has original jurisdiction over
the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears
the burden of showing that federal jurisdiction exists.  *See*
*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
In assessing whether removal was appropriate, the Court is guided
by the principle, grounded in notions of comity and the
recognition that federal courts are courts of limited
jurisdiction, that removal statutes should be strictly construed.
*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL
419901, at *2 (E.D. La. 1995).  The Court must remand the case to
state court "[i]f at any time before final judgment it appears
that the district court lacks subject matter jurisdiction."  28
U.S.C. § 1447(c).

    B.    **Amount in Controversy**

    Under Fifth Circuit law, a removing defendant's burden of
showing that the amount in controversy is sufficient to support
federal jurisdiction differs depending on whether the plaintiff's
complaint alleges a specific amount of monetary damages.  *See*
*Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage
figure in excess of the required amount in controversy, "that
amount controls if made in good faith."  *Id.* (*citing St. Paul*
*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If

4

a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to plead a specific amount of money damages.  When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to

consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).  For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff]

6

affirmatively and knowingly waives entitlement to any damages . .
. , including penalties and statutory attorney's fees, but
exclusive of interests and costs, in excess of $74,999."  The
court found that this waiver constituted a binding stipulation,
or "judicial confession" under Louisiana law, and it held that
this stipulation was sufficient to establish that plaintiffs
could not recover more than the jurisdictional amount as a matter
of law.  *Id.* at *5.  None of the plaintiffs in these matters
filed a similar stipulation with his or her complaint.

    Post-removal affidavits or stipulations may be considered
only in limited circumstances.  If the amount in controversy is
ambiguous at the time of removal, the Court may consider a post-
removal stipulation, but only to determine the amount in
controversy as of the date of removal.  *See Gebbia v. Wal-Mart
Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion
Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d
559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a
petition that previously left the jurisdictional question
ambiguous," the court may consider the affidavit in determining
whether remand is proper).  When, on the other hand, the amount
in controversy is clear from the face of the complaint, post-
removal stipulations purporting to reduce the amount of damages
plaintiffs seek cannot deprive the Court of jurisdiction.

*Gebbia*, 233 F.3d at 883.

Here, each complaint filed in state court contains a stipulation that the amount of damages sought by plaintiffs is less than $75,000, but, as noted, none affirmatively waives the plaintiffs' right to collect damages in a greater amount.  For this reason, these stipulations are insufficient to show that the amount in controversy is below $75,000.  Furthermore, as is discussed below, these complaints are not ambiguous as to the amount in controversy.  Thus, plaintiffs' post-removal stipulations are insufficient to establish a lack of jurisdiction.  Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).


**III. THE CASES**

    **A.    06-0560: Davis v. State Farm**
    **       06-0596: Bowers v. State Farm**
    **       06-0830: Bowers v. State Farm**
    **       06:1090: Ragas v. State Farm**
    **       06:1091: Morgan v. State Farm**
    **       06:1597: Phillips v. Allstate**

In each of the captioned actions, plaintiffs sued their

8

homeowner's insurer asserting that they made a demand for the face value of their respective policies, and their insurer breached the contract by failing to pay the full amount of their claims.  In each case, plaintiffs allege that their insurers paid only a small fraction of their claims.  Plaintiffs in each case seek statutory penalties and attorney's fees.  The following table summarizes the difference between the minimum amount of coverage each plaintiff claims to hold and the amount allegedly paid by the insurer in each of the captioned actions:

|  | Minimum Alleged Coverage | Amount Allegedly Paid | Difference |
|---|---|---|---|
| **06-0560: Davis v. State Farm** | $125,000 | $8,500 | $116,500 |
| **06-0596: Bowers v. State Farm** | $140,000 | $18,353.76 | $121,646.24 |
| **06-0830: Bowers v. State Farm** | $100,000 | $2,500 | $97,500 |
| **06:1090: Ragas v. State Farm** | $125,000 | $9,000 | $116,000 |
| **06:1091: Morgan v. State Farm** | $125,000 | $4,200 | $120,800 |
| **06:1597: Phillips v. Allstate** | $80,000 | $2,500 | $77,500 |

In each complaint, plaintiffs stipulate that "the amount of damages arising from this matter is less than $75,000."  Further, in each case, plaintiffs filed a post-removal amendment specifying that their earlier damages stipulation applies to penalties and attorney's fees.

Because plaintiffs in each action seek to enforce insurance policies that they claim entitle them to additional coverage of more than $75,000, it is facially apparent that the amount in controversy is greater than $75,000 in each case.  Further, none of the plaintiffs' state court stipulations includes a renunciation of the right to enforce a judgment in an amount greater than $75,000.  Thus, these stipulations are insufficient to prove to a legal certainty that the amount in controversy at the time of removal was less than $75,000.  Plaintiffs' post-removal stipulations contain the same flaw and, in any event, they cannot be considered because they do not clarify an initially ambiguous amount in controversy.  *See, e.g., Gebbia*, 233 F.3d at 883, and discussion, *supra*.  Hence, these stipulations are insufficient to deprive the Court of jurisdiction once it has been properly established.  *Id*.  The Court finds that it has jurisdiction in each of these cases, and the motions to remand are thus denied.

**B.    06-0831: Guillory v. State Farm**

Plaintiffs Yves and Gula Guillory sued their insurer for breach of contract after it paid only $23,000 under a homeowner's policy that allegedly provided total coverage of over $91,000. Plaintiffs allege that they made a demand upon their insurer for the face value of their policy.  In addition to damages, they

10

make a claim for statutory penalties and attorney's fees.  Like the plaintiffs discussed *supra*, the plaintiffs stipulated in their complaint "that the damages arising from this matter are less than $75,000," and they filed an amended complaint after removal, specifying that their earlier stipulation of $75,000 in total damages applies to "any damages, penalties, and fees to which they may be entitled."

Plaintiffs seek to enforce a policy that they claim entitles them to at least $68,000 in additional coverage.  Moreover, plaintiffs seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658.  Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000).  Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30

11

days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).  Here, penalties under section 22:658 alone could increase the amount awarded to plaintiffs by $17,000, bringing the total amount in controversy to $85,000 without considering whether plaintiffs might be able to show damages under section 22:1220.  Further, as was true in the other cases, plaintiffs' original stipulation does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000 because it does not include a renunciation of the right to enforce a judgment in an amount greater than $75,000. Plaintiffs' post-removal stipulation contains the same flaw and, in any event, it does not clarify an initially ambiguous amount in controversy and thus is insufficient to deprive the Court of jurisdiction once it has been properly established.  *See, e.g., Gebbia*, 233 F.3d at 883, and discussion, *supra.*  The Court finds that it has jurisdiction of this matter, and it denies plaintiff's motion to remand.

**C.   06-1242: Bertrand v. Allstate**

Plaintiff Floretta Bertrand sued her insurer for breach of contract after it allegedly denied payment under her homeowner's policy.  Plaintiff alleges that she sustained total destruction of her insured structures and is thus entitled to the "full insurable amount" of her policy, including coverage for her

living expenses after she evacuated her residence.  Plaintiff
asks for damages and a declaratory judgment[1] that her policy
provides "full insurance coverage for all damage to the insured
residence, property, and loss of use caused by Katrina," and she
makes a claim for statutory penalties and attorney's fees.  In
part, she asserts that Allstate has "fail[ed] to adjust and
properly pay the policy limits," "fail[ed] to provide any
reasonable basis for denying payment," and failed to adhere to
its duty of good faith and fair dealings.  In her motion to
remand, she states she is entitled to the "full value stated on
the face of her insurance policy."

Like the plaintiffs discussed *supra*, Bertrand stipulated in
her complaint that "[t]he sum total of all the relief prayed for
in this Petition does not exceed $75,000."  She also filed a
signed and notarized affidavit with her motion to remand, which
states that the amount in controversy does not exceed $75,000 and
that "[s]he will not recover over $75,000 . . . even if awarded
more at trial."

---

[1] Plaintiff cannot sidestep the amount in controversy by
making a claim for a declaratory judgment.  In an action for a
declaratory judgment that involves the applicability of an
insurance policy to a particular occurrence, the amount in
controversy is measured by the value of the plaintiff's claim.
*See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th
Cir. 2002).  Here, plaintiff claims that she is entitled to full
value of her policy, and the Court thus values her declaratory
judgment claim at that amount.

Plaintiff seeks to enforce a policy that she claims is worth approximately $69,300.  She does not indicate that she has received any payments under her policy, and the assertions in her complaint suggest that she has not received any payment from Allstate.  Further, her assertion as to the policy limits is contradicted by the face of the policy under which she asserts coverage.  Allstate supplied the policy in its opposition to plaintiff's motion to remand, and it shows that plaintiff has a total of $113,600 in coverage on her dwelling, personal property, and other structures, in addition to up to 12 months in living expense coverage.  Plaintiff also seeks relief in the form of penalties and fees, which substantially add to the amount she might recover.  *See* La. Rev. Stat. §§ 22:1220 and 22:658. Plaintiff has produced no evidence suggesting that she could not recover at least as much as the total value of the policy and rests her argument for remand entirely on her stipulations.  The Court thus finds that the defendant has established by a preponderance of the evidence that the amount in controversy is greater than $75,000.  As was true in the cases already discussed, plaintiff's stipulation in her complaint does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000, because it does not include a renunciation of the right to enforce a judgment in an

14

amount greater than $75,000.  Plaintiff's post-removal affidavit does not clarify the amount in controversy as of the time of removal, so it is not properly considered by the Court on a motion to remand.  *Associacion Nacional*, 988 F.2d at 565.  The Court finds that it has jurisdiction of this matter, and it denies plaintiff's motion to remand.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motions to remand in all of the above-listed cases.  Because the Court finds that it has jurisdiction, it does not consider plaintiffs' claims for fees and costs.

New Orleans, Louisiana, this __7th__ day of June, 2006.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT