UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TOMMY BOWERS, ET AL                    CIVIL ACTION

VERSUS                                 NO. 06-830

STATE FARM FIRE & CASUALTY             SECTION "C" (5)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment filed by the defendant, State Farm Fire and Casualty Company ("State Farm"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be partially granted and partially denied for the following reasons.

State Farm argues first that damages for mental and emotional distress are not available in insurance contract actions. The plaintiffs agree with this proposition, and argue that they seek those damages under La. Rev. Stat. § 22:1220. The Court finds that general damages, including damages for mental anguish and emotional distress, are recoverable under Section 1220. <u>Faust v. State Farm Fire & Casualty Co.</u>, 2007 WL

1

1191163 (E.D.La)(J. Vance); <u>Weiss v. Allstate Insurance Co.</u>, 2007 WL 1075921 (E.D.La.)(J. Vance).

State Farm appears to also argue that the plaintiffs can not recover under La. Rev. Stat. § 22:658 and La. Rev. Stat. § 22:1220 as a matter of law because the plaintiffs have not and could not "possibly prove that State Farm intended to aggrieve its feelings in any way." The plaintiffs argue in opposition that their claim was denied by the defendant before any scientific or engineering study as to the cause of the loss was provided and that the defendant has failed to change its position in this litigation. The Court did recognize in <u>Ferguson</u>, <u>supra</u>, that an insurer's bad faith is generally a question of fact, but did not rule that summary judgment on the issue is unavailable in every case in which a claim has been denied. This is not such a case, however, so dismissal is inappropriate.

State Farm next argues that the 2006 amendments to La. Rev. Stat. § 22:658, which enhance the penalties for bad faith failure to pay a claim within the statutory period, can not retroactively apply to this matter. The plaintiffs appear to argue that State Farm's continuing failure to pay is evidence of bad faith and serves to support retroactive application. The Court finds that the amendments do not apply because the failure to pay occurred before the effective date of the statute. <u>McKenney v. Allstate</u>

Insurance Co., 2007 WL 1139601 (E.D.La.); Ferguson v. State Farm Insurance Co., 2007 WL 1378507 (E.D.La.).  See also Broussard v. State Farm Fire & Casualty Co., 2007 WL 2264535 (E.D.La.)(J. Vance).

State Farm also argues that any claim under the Louisiana Unfair Trade Practices Act, La. Rev. Stat. §51:1406 ("LUTPA"), is subject to dismissal.  The plaintiffs do not address this argument, which is construed by the Court as a lack of opposition to the dismissal of any LUTPA claim.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by the defendant, State Farm Fire and Casualty Company is PARTIALLY GRANTED and PARTIALLY DENIED.  (Rec. Doc. 63).

New Orleans, Louisiana, this 6th day of September, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE